UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRYAN K. STURM, | ) |
| Plaintiff, | ) No. CV-08-0353-CI |
| v. | ) ORDER GRANTING IN PART |
| | ) PLAINTIFF'S MOTION FOR SUMMARY |
| MICHAEL J. ASTRUE, | ) JUDGMENT AND REMANDING TO THE |
| Commissioner of Social | ) COMMISSIONER FOR ADDITIONAL |
| Security, | ) PROCEEDINGS PURSUANT TO 42 |
| | ) U.S.C. § 405(g) |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 17, 19.) Attorney Maureen Rosette represents Plaintiff; Special Assistant United States Attorney Nancy Mishalanie represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

Plaintiff protectively filed for Supplemental Security Income (SSI) on May 20, 2006. (Tr. 61.) He alleges disability due to "arthritis, lumbar, hands, feet, mental and PTSD [post traumatic stress disorder]," with an onset date of July 1, 2005. (Tr. 80-81.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge (ALJ) Richard Say on July 26, 2007. (Tr. 21-43.) Plaintiff, who

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405(g) - 1

was represented by counsel, and vocational expert Daniel McKinney (VE) testified.  On September 25, 2007, ALJ Say denied benefits; review was denied by the Appeals Council.  (Tr. 1-4, 7-20.)  This appeal followed.  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months."

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 2

42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-

1230 (9th Cir. 1987).

**STATEMENT OF FACTS**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  Plaintiff was 44 years old at the time of the administrative hearing.  (Tr. 24.)  He had a tenth-grade education and had not obtained his high school equivalency degree.  (Tr. 25.)  He had past work experience as a cook and home attendant.  Plaintiff, who had a history of alcohol abuse and treatment, testified he lived in a group transitional housing with four other adult males.  He reported he did his own cooking and household chores, and spent the day reading or playing with the dog, or having Bible study with friends.  (Tr. 29-31.)  He testified he could no longer work due to stress and back pain that caused swelling in his low back and numbness in his hands and feet. He said he could not lift more than five to ten pounds, he could stand no more than five to ten minutes, walk a block and sit for about 20 minutes to a half hour before he had to get up and move. (Tr. 31.)  He stated he also had diabetes that he treats with insulin.  (Tr. 34-35.)

**ADMINISTRATIVE DECISION**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, he found Plaintiff had severe impairments of depression, borderline intellectual functioning, personality disorder and degenerative disc disease of the lumbar spine.  (Tr. 12.)  At step three the ALJ found these impairments did not meet or equal one of the listed impairments in the Regulations.  (Tr. 13.)  In his step

four findings, ALJ found Plaintiff's statements regarding symptoms and limitations were not entirely credible. (Tr. 15-18.) He assessed Plaintiff's residual functional capacity (RFC) as the capacity to perform light work with an ability to change position every 45 minutes; Plaintiff should avoid climbing ladders, ropes and scaffolding, and he would be capable performing multi-step tasks requiring few academic demands, having only superficial public contact and "working around others in positions not requiring a high degree of cooperation." (Tr. 15.) Based on VE testimony, the ALJ found Plaintiff could not perform his past work. (Tr. 18.) The ALJ proceeded to step five and found there were other jobs in the national economy (sedentary and light) that Plaintiff could perform; therefore he was not "disabled" as defined by the Social Security Act through the date of the decision. (Tr. 19-20.)

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ erred when he (1) improperly evaluated the medical evidence; (2) improperly rejected his credibility; (3) presented an incomplete hypothetical to the vocational expert. (Ct. Rec. 18.)

**DISCUSSION**

**A.   Rejection of Examining Psychologist Opinions**

Although the ALJ found Plaintiff had the severe mental impairments of borderline intelligence functioning (BIF), personality disorder, and depression (Tr. 12), he rejected the

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 5

opinions of examining psychologist Kayleen Islam-Zwart, Ph.D., that these impairments caused moderate and marked limitations in cognitive and social functioning, and gave greater weight to the opinions of a non-examining psychologist. (Tr. 17.) Plaintiff argues this was error requiring remand.

The record contains a March 2006 psychological evaluation in which Dr. Islam-Zwart opined Plaintiff met the criteria for Borderline Intelligence Functioning with a full-scale IQ of 75. (Tr. 148-155.) This diagnosis appears to be based on scores noted in a psychological evaluation form completed in 2002 and included in the record. (Tr. 121-24.) Although Dr. Islam-Zwart did not administer an independent intelligence test, she administered several objective psychological tests, as well as a mental status exam and interview. (Tr. 152-55.) The record shows Plaintiff's mental control tested within normal limits. The results of the Trail Marking Test (Trails A and B), which measures simple and complex attention abilities and "is sensitive to the effects of brain impairment," showed moderate to severely impaired performance; and the memory malingering test did not indicate malingering of memory problems. (Tr. 153.) A Personality Assessment Inventory (PAI) was also administered.[1] (Tr. 154.) Dr. Islam-Zwart interpreted the PAI results as showing some inconsistent results, some attempts to portray a negative impression in certain areas, and impairments

---

[1] According to Dr. Islam-Zwart, the PAI "is a standardized clinical personality inventory that assesses emotional adjustment." (Tr. 154.)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 6

in functioning, which she summarized in the attached psychological/psychiatric evaluation form. (Tr. 149-50.) Specifically, the test results showed impairments in concentration and thinking. (Tr. 154.) She concluded Plaintiff's depression and cognitive deficits "were likely to interfere with his ability to initiate and maintain employment." (Tr. 155.)

In his credibility findings, the ALJ found Plaintiff's subjective symptom allegations were unsupported by the medical evidence. (Tr. 17.) He reasoned Plaintiff had worked for 20 years as a chef with his mental impairments and he reported to his providers that his depression "was improving with medication." (*Id.*) The ALJ relied on the opinions of agency psychologist, James Bailey, Ph.D., who did not examine Plaintiff, but based his opinions on his review of the 2002 report and Dr. Islam-Zwart's evaluation. (Tr. 17, 170, 174.) The ALJ relied upon Dr. Bailey's non-examining opinion "due to his expertise, his familiarity with the Social Security regulations and the consistency of his testimony with the longitudinal medical history, objective findings, or lack thereof, and other medical opinions contained in the record." This finding is not supported by substantial evidence, and the ALJ's evaluation of the psychological evidence is based on legal error.

It is well-settled that in determining disability, the ALJ must evaluate the medical evidence submitted and explain the weight given to the opinions of accepted medical sources[2] in the record. The

---

[2] Acceptable medical sources for purposes of disability proceedings include licensed or certified psychologists. 20 C.F.R.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 7

regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. § 416.927. Here, Dr. Islam-Zwart is an examining psychologist, and her opinions carry more weight than those of Dr. Bailey, a non-examining reviewing psychologist. *See Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830 (citation omitted). If the opinion is contradicted, it can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews,* 53 F.3d at 1043.

Historically, the courts have recognized conflicting medical evidence, incongruity between the doctor's opinions and his own treatment notes and objective data, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints as specific, legitimate reasons for disregarding the treating physician's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Flaten v. Secretary of Health and Human Services*, 44 F.3d 1453, 1463-64 (9th Cir. 1995);

---

§§ 404.1513, 416.913.

*Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

Although the opinion of a non-examining physician may be accepted as substantial evidence, that opinion must be supported by and consistent with other medical evidence in the record. *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31. The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831 (*citing Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). Cases have upheld rejection of an examining or treating physician based *in part* on the opinions of a nonexamining medical advisor; but those cases have also found reasons to reject the opinions of examining and treating physicians that were independent of the nonexamining doctor's opinion. *Lester*, 81 F.3d at 831 (*citing Magallanes v. Bowen,* 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion)); *Andrews*, 53 F.3d at 1043 (conflict with opinions of five nonexamining mental health professionals, testimony of claimant and medical reports); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the non-examining medical source, but also substantial evidence independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

Dr. Islam-Zwart's opinions were supported by objective

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 9

psychological testing and a prior psychological report that substantially supported Dr. Islam-Zwart's findings.[3] The ALJ did not give "clear and convincing" or "specific and legitimate" reasons for rejecting her interpretation of the objective testing and her assessment of functional limitations. Further, the ALJ's reliance on Dr. Bailey's opinions is error, as neither other medical evidence in the record, nor inferences drawn, support Dr. Bailey's conclusory and brief assessment. Thus, without the support of other medical evidence, Dr. Bailey's opinions cannot be accepted as substantial evidence. *Lester*, 81 F.3d at 831. The ALJ's improper rejection of the examining psychologist's opinions is cause for remand.

**B.   Further Development of the Record**

An ALJ's duty to develop the record is triggered when there is ambiguous evidence or when the record is inadequate for proper evaluation of evidence. 20 C.F.R. § 416.945(a)(3); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The failure to do so is legal error requiring remand. *Lester*, 81 F.3d at 830.

Here, the record is inadequate to assess Plaintiff's mental

---

[3] It is noted on independent review that the 2002 psychological evaluation form references a narrative report that is not in the record before this court. Therefore, the BIF diagnosis is not supported by test results or further explanation by an acceptable medical source. On remand, new intellectual functioning testing should be administered by the consultative medical examiner to substantiate the diagnosis of BIF.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 10

impairments and the severity of his functional limitations. In addition, the record does not contain substantial evidence to support the step two findings. *Richardson,* 402 U.S. at 400 (substantial evidence is relevant evidence a reasonable mind might accept as adequate to support a conclusion). Specifically, the BIF diagnosis presented is unsupported by objective medical evidence, test results or clinical notes, and the conflict between Dr. Bailey's assessment and Dr. Islam-Zwart's report presents ambiguity that requires a full consultative psychological examination, with objective testing, to assess cognitive functioning and limitations caused by medically determinable impairments. *See* 20 C.F.R. §§ 416.908, .945.

Because the ALJ's credibility findings were based, in part, on the ALJ's improper evaluation of inadequate psychological evidence, consideration of a new psychological examination based on medically acceptable diagnostic techniques, medical expert testimony if warranted, and new credibility findings are necessary on remand. Further, caution is directed against inferences from Plaintiff's inconsistent statements regarding psychological symptoms or mental health treatment or failure to pursue counseling and medication for his psychological impairments. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007); *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996); *SSR* 96-7p.

**C.   Remedy**

Plaintiff requests the ALJ's decision be reversed and he be found entitled to benefits. (Ct. Rec. 17 at 17.) However, where as here, the record has not been fully developed, there are outstanding

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 11

issues that need to be resolved, and it is not clear from the record that Plaintiff is disabled, remand for additional proceedings is appropriate. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*citing Smolen* v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996)). Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **GRANTED** and the above captioned case is remanded to the Commissioner for additional proceedings pursuant to sentence four, 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 19)** is **DENIED**.

3. Application for attorney fees may be made by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for **Plaintiff**.

DATED October 5, 2009.

                     S/ CYNTHIA IMBROGNO
                     UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 12